603 A.2d 686

Nancy and Neil BAKER, Appellants,

v.

CITY OF PHILADELPHIA, Philadelphia
Housing Authority, Appellees.

Nancy and Neil BAKER, Appellants,

v.

CITY OF PHILADELPHIA and Philadelphia
Housing Authority, Appellees.

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1991.

Decided Feb. 6, 1992.

Marc S. Weisberg, for appellants.

Alan S. Ostrow, Chief Asst. City Sol., for appellee, City of Philadelphia.

James F. Ryan, for appellee, Philadelphia Housing Authority.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal of Nancy and Neil Baker from the order of the Court of Common Pleas of Philadelphia County granting Philadelphia Housing Authority's (Au-

thority) motion for summary judgment. The Bakers also appeal the trial court's denial of their petition for leave to appeal *nunc pro tunc* from the order which granted the City of Philadelphia's (City) motion for summary judgment.

## PROCEDURAL HISTORY

Nancy Baker slipped and fell on snow and ice at the intersection of 23rd, Glenwood and Dauphin Streets in the City, sustaining serious injuries. Complaint, ¶ 4.[1] The Bakers filed a complaint against both the City and Authority concerning property owned and maintained by both the City and Authority, alleging negligence on the part of both the City and Authority for permitting ice and snow to be on and remain upon the property, failing to warn of the dangerous and defective condition of the property and in negligently and/or intentionally and/or carelessly causing or maintaining the dangerous condition.

The City filed a motion for summary judgment which the trial court granted on August 20, 1990. The Bakers filed an untimely petition for reconsideration which the trial court denied. The Bakers filed a petition for leave to appeal *nunc pro tunc*, alleging that they did not learn of the order granting the City summary judgment until October 16, 1990—beyond the thirty-day time limitation set forth at Pa.R.A.P. 903. The trial court denied the Bakers' petition for leave to appeal *nunc pro tunc*.

The Authority also filed a motion for summary judgment which the trial court granted. The Bakers now appeal the trial court's order denying the Bakers' petition for leave to appeal *nunc pro tunc* and the order granting the Au-

---

1. The area in question was inundated with water following a heavy rain. Water from the sewer backed up and overflowed onto the streets and sidewalks covering almost the entire section of 23rd Street itself including the sidewalk up to Glenwood and Dauphin Streets. This water subsequently froze. Testimony of Nancy Baker, pp. 10–12, 24.

thority's motion for summary judgment.[2]

## SUMMARY JUDGMENT

■ The Bakers argue that the trial court erred in granting the Authority summary judgment on the basis of immunity because their claim clearly falls within the real property, streets and/or sidewalks exception to immunity as set forth in the Political Subdivision Tort Claims Act.[3] The Commonwealth real estate, highways and sidewalks exception provides that a political subdivision is not immune for injuries caused by:

> A dangerous condition of Commonwealth agency real estate and sidewalks including Commonwealth-owned real property, lease holds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, . . . .

42 Pa.C.S. § 8522(b)(4). The Bakers assert that heavy rains caused the sewer to back up. Complaint, ¶¶ 4, 5a. The Bakers also assert that the City improperly maintained, by failing to clear, the sewer. The Bakers claim that the narrow inlet opening and the improper maintenance are defects in the sidewalks, street and real property of the City and Authority. Complaint, ¶¶ 4–5. The Bakers argue that the defect complained of is not a defect *on* the street, but rather a defect *of* the street and that the artificial condition, specifically the narrow opening of the defective sewer and

---

2. This Court's scope of review of the grant of a motion for summary judgment as well as that of a trial court's decision permitting or refusing to permit a *nunc pro tunc* appeal is limited to determining whether there has been an error of law or whether a manifest abuse of discretion has occurred. *Korell v. Department of Transportation, Bureau of Driver Licensing,* 122 Pa.Commonwealth Ct. 96, 551 A.2d 398 (1988); *Miller v. Emelson,* 103 Pa.Commonwealth Ct. 437, 520 A.2d 913 (1987).

3. Act of November 26, 1978, P.L. 1399, *as amended, formerly,* 53 P.S. §§ 5311.101–5311.803, repealed by the Act of October 5, 1980, P.L. 693. The current law regarding governmental immunity is now found in Sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

the improper maintenance, did not merely facilitate the injury but rather caused the injury. The Bakers also assert that this condition was foreseeable. Complaint, ¶ 5a.

The Authority counters, asserting that the trial court properly granted summary judgment because there is no genuine issue as to any material fact because Nancy Baker testified that she fell on ice caused by rain which fell the night before the day of the accident and that the record is devoid of any connection between the previous night's rain and any back-up of the sewer. The Authority argues that mere conjecture, speculation or guess on the cause of the accident is insufficient to establish liability. Furthermore, the Authority asserts that even if there is a connection between the previous night's rain and the sewer back-up under *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), the drainage defect only may have facilitated the injury but did not actually cause Mrs. Baker's injury.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). The moving party has the burden of proving the non-existence of any genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Marks*. Our courts have held that if an artificial condition or defect in the land merely facilitated an injury caused by the act of another, whose act is outside the scope of statutory liability, then the real estate exception to immunity does not apply. *See SEPTA v. Hussey*, 138 Pa.Commonwealth Ct. 436, 588 A.2d

110 (1991); *Mascaro*. The Bakers have adequately pleaded that a dangerous condition of streets or sidewalks, i.e. ice, which caused an injury conceivably as a result of the failure to adequately maintain or design the sewer. *See Dorsch v. Butler Area School District*, 105 Pa.Commonwealth Ct. 519, 525 A.2d 17 (1987); *Burns v. City of Philadelphia*, 350 Pa.Superior Ct. 615, 504 A.2d 1321 (1986).

Here, a genuine factual controversy does remain as to whether the design or maintenance failure created the "dangerous condition." Therefore, the trial court erred in granting the Authority's motion for summary judgment.

## NUNC PRO TUNC APPEAL

■ The Bakers next argue that the trial court erred in failing to grant leave to appeal *nunc pro tunc* from the order granting the City's motion for summary judgment because it held that the Commonwealth Court has exclusive jurisdiction. We do not agree.

The Bakers assert that they did not receive notice of the order granting summary judgment to the City until October 8, 1990, forty-eight days after the trial court entered the City's summary judgment order. The Bakers obtained a verification from the Clerks of Motions Court of Philadelphia County stating a variety of reasons why the Bakers may not have received a copy of the court's order and allege that this "breakdown" in the system caused them not to be able to timely appeal.[4]

■ *Nunc pro tunc* is "[a] phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, i.e. with the same effect as if

---

4. The verification of Frank Checkovage, Court of Common Pleas Motion Court Clerk for Philadelphia County, provides in pertinent part:

It is not unusual for Court Orders to be inadvertently not mailed even though they are marked mailed. It is also not unusual for Court Orders to misaddressed[sic] to attorney's [sic] and lost. Plaintiff's counsel is one of four M. Weisbergs and one of two M.S. Weisbergs who are attorney's [sic] in the City of Philadelphia. It is not unusual for such orders to go astray.

regularly done." Black's Law Dictionary 964 (5th Ed.1979). Allowance of an appeal *nunc pro tunc* lies at the sound discretion of *the trial court* as long as more than mere hardship is shown to justify the exercise of that discretion. *Perin v. Gochnauer*, 173 Pa.Superior Ct. 609, 98 A.2d 755 (1953). Furthermore, extension of an appeal period must be extraordinary and involve fraud or *breakdown in the court's operation. Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938).

Because a factual determination must be made, the better court to entertain the appeal *nunc pro tunc* is the trial court. *Weiman by Trahey v. City of Philadelphia* 129 Pa.Commonwealth Ct. 25, 564 A.2d 557 (1989). Consequently, the trial court erred in holding that it did not have jurisdiction to consider Bakers' motion to appeal *nunc pro tunc*.

For these reasons, we reverse the trial court's order granting the Authority summary judgment and we also reverse the trial court's order denying the Bakers' petition for leave to appeal *nunc pro tunc* the granting of the City's motion for summary judgment and remand to the trial court to address the issues raised by the Bakers in their petition to appeal *nunc pro tunc*.[5]

### ORDER

AND NOW, this 6th day of February, 1992, the orders of the Court of Common Pleas of Philadelphia County granting Philadelphia Housing Authority's motion for summary judgment and denying Nancy and Neil Baker's petition for leave to appeal *nunc pro tunc* from the trial court's order granting the City's motion for summary judgment are reversed and the matter remanded to the trial court to address the issues raised by the Bakers in their petition to appeal *nunc pro tunc*.

Jurisdiction relinquished.

---

5. The City in briefing this issue concedes that a factual dispute exists and recommends that this matter be remanded to the trial court.