## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary Spada,                              :
                                            :
                          Appellant         :
                                            :
            v.                              :    No. 1048 C.D. 2015
                                            :
Donald Farabaugh and J.A.                   :    Submitted:  August 14, 2015
Farabaugh, individually                     :
and in their official capacities            :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  November 3, 2015**

Zachary Spada, pro se, appeals from the August 13, 2014 Order of the Court of Common Pleas of Clearfield County (trial court) that denied Spada's Motion for Leave to Appeal Nunc Pro Tunc (Motion) an order of the trial court filed January 15, 2014.  On appeal, Spada argues that the trial court abused its discretion in denying the Motion because he acted in good faith and without negligence by relying on certain Pennsylvania Rules of Civil Procedure and, therefore, he is entitled to file an appeal nunc pro tunc.  Discerning no abuse of discretion, we affirm.

Spada, an inmate at the State Correctional Institution at Houtzdale (SCI-Houtzdale), filed a civil action complaint (Complaint), dated December 16, 2013, against Donald Farabaugh and J.A. Farabaugh (together, Defendants) in their individual and official capacities as correctional officers at SCI-Houtzdale.[1] He also filed an application to proceed in forma pauperis. After reviewing the Complaint, the trial court *sua sponte* dismissed the Complaint with prejudice pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1).[2] In its opinion, the trial court concluded that the Complaint was frivolous because it lacked an arguable basis in either law or fact, noting, *inter alia*, that Spada "failed to set forth the elements of his claims or even the basic facts in support thereof." (Trial Ct. Opinion and Order, January 15, 2014,[3] at 1-2.)

---

[1] The Complaint averred, *inter alia*, that Defendants slandered him, thereby violating his rights under the Eighth and Fourteenth Amendments to the United States Constitution, Articles 5 and 12 of the Universal Declaration of Human Rights, and Section 2709 of the Pennsylvania Crimes Code, 18 Pa. C.S. § 2709 (harassment), causing him irreparable harm. (Compl. ¶¶ 5-7, 12-14.)

[2] Pa. R.C.P. No. 240(j)(1). This rule provides, in relevant part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Id.

[3] The Complaint was dated December 16, 2013 and docketed on January 15, 2014. The trial court's opinion and order dismissing the Complaint with prejudice was dated January 13, 2014 and also docketed on January 15, 2014.

Spada filed a "Motion for Reconsideration of Judgment and for Leave to Amend Complaint" (Motion for Reconsideration), dated January 17, 2014, which was docketed on January 29, 2014. On or about April 21, 2014, Spada filed a Motion to Compel Judgment on his Motion for Reconsideration. The Prothonotary/Clerk of Courts sent Spada a correspondence, dated May 29, 2014, indicating that the trial court had not ruled on the Motion for Reconsideration and it was returning Spada's appeal documents relating to the Motion for Reconsideration. (Letter from Prothonotary/Clerk of Courts to Spada (May 29, 2014).) Subsequently, the Court Administrator sent Spada a letter dated July 29, 2014 indicating that the trial court had received a letter from Spada dated June 19, 2014 regarding the Motion for Reconsideration, and stating that no order or ruling on the Motion for Reconsideration had been made "as the time for filing an appeal expired some time ago," "[t]he case is concluded and the Court's dismissal is final," and, "[a]s such, [the] Motion for Reconsideration is moot." (Letter from Court Administrator to Spada (July 29, 2014).)

Spada filed the instant Motion on or about August 1, 2014, seeking leave to appeal the trial court's January 15, 2014 order nunc pro tunc. Therein, Spada asserted that he was entitled to nunc pro tunc relief because: he had filed the Motion for Reconsideration, which had not yet been ruled upon; he received correspondence from court officials on July 29, 2014 indicating that the Motion for Reconsideration was moot; and he "was previously unaware his Motion [for Reconsideration] had been denied." (Motion.)

3

The trial court denied the Motion by Opinion and Order filed August 13, 2014. In its Opinion, the trial court noted that granting nunc pro tunc relief is warranted where there is evidence of fraud, a breakdown in the court's operations, or non-negligent circumstances resulting in the untimely appeal. (Trial Ct. Opinion and Order, August 13, 2014, at 1.) According to the trial court, nunc pro tunc relief is not meant "'to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights.'" (Trial Ct. Opinion and Order, August 13, 2014, at 2 (quoting Lenhart v. Cigna Companies, 824 A.2d 1193, 1198 (Pa. Super. 2003)).) The trial court concluded that Spada did not file his appeal within the required time limits and did not set forth facts in the Motion that demonstrated a legitimate basis for nunc pro tunc relief. (Trial Ct. Opinion and Order, August 13, 2014, at 2.) Spada now appeals.[4]

---

[4] Spada initially appealed to the Superior Court, which transferred the matter to this Court. Section 762(a)(1)(i) of the Judicial Code provides that this Court has "exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . Commonwealth civil cases . . . [in which o]riginal jurisdiction . . . is vested in another tribunal by virtue of any of the exceptions to section 761(a)(1) (relating to original jurisdiction)." 42 Pa. C.S. § 762(a)(1)(i).

We note that Spada seeks to appeal nunc pro tunc the trial court's January 15, 2014 order to *this Court* via the Motion he filed with the *trial court*. In these situations, "[b]oth the trial court and our Court have jurisdiction to decide" whether a nunc pro tunc appeal is permitted, "and a petition to appeal nunc pro tunc may be directed to either the lower court or the appellate court." Weiman by Trahey v. Philadelphia, 564 A.2d 557, 559 (Pa. Cmwlth. 1989); see also Towey v. Lebow, 980 A.2d 142, 144 (Pa. Super. 2009) (same); G. Darlington, K. McKeon, D. Schuckers & K. Brown, Pennsylvania Appellate Practice § 903:3 (West 2014) (stating "[b]oth the trial courts and the appellate courts have jurisdiction to determine whether an appeal nunc pro tunc should be permitted").

Appellate review of a trial court's "denial of an appeal nunc pro tunc is whether the trial court abused its discretion." Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County, 746 A.2d 581, 583 (Pa. 2000). "An abuse of discretion has been defined . . . as not merely an error of judgment," but involves a situation "where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result

*(Continued…)*

4

On appeal, Spada argues that the trial court abused its discretion in not allowing him to appeal nunc pro tunc because he "repeatedly and diligently attempted to ascertain the status of the ruling of his Motion for Reconsideration." (Spada's Br. at 4.) Citing Pennsylvania Rule of Civil Procedure 227.1, Spada contends that his Motion for Reconsideration was not moot because a clear-cut statutory right to file a post-verdict motion exists. Spada asserts that he acted in good faith and without negligence when no praecipe for judgment on the Motion for Reconsideration was filed pursuant to Pennsylvania Rule of Civil Procedure 227.4, and he did not receive notice that his "Post-Verdict Motion," i.e., the Motion for Reconsideration, had been denied as moot. (Spada's Br. at 4.)

Defendants respond that the January 15, 2014 order was a final order dismissing the Complaint with prejudice pursuant to Pennsylvania Rule of Civil Procedure 240(j) and, as such, Spada had to file an appeal from that order within thirty days. Spada did not file a timely appeal, but instead filed a Motion for Reconsideration, which does not toll the time for filing an appeal. Defendants contend that Spada has not shown that his untimely appeal is the result of extraordinary circumstances or the fault of the trial court, but is the result of Spada's misunderstanding of the Rules of Civil Procedure and, therefore, he is not entitled to nunc pro tunc relief.

"Allowance of an appeal nunc pro tunc lies at the sound discretion of the trial court." Baker v. City of Philadelphia, 603 A.2d 686, 689 (Pa. Cmwlth. 1992)

---

of partiality, prejudice, bias or ill will, as shown by the evidence or the record." Id. (internal quotation marks omitted).

5

(emphasis omitted). As a general matter, a trial court may grant an appeal nunc pro tunc when a delay in filing is caused by "extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." Cook v. Unemployment Compensation Board of Review, 671 A.2d 1130, 1131 (Pa. 1996) (internal quotation marks omitted). Our Supreme Court has further explained that

> where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal nunc pro tunc.

Id. "The exception for allowance of an appeal nunc pro tunc in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that [he] attempted to file an appeal, but unforeseeable and unavoidable events precluded h[im] from actually doing so." Criss v. Wise, 781 A.2d 1156, 1160 (Pa. 2001).

There is no question that the trial court's January 15, 2014 order disposed of the Complaint in its entirety with prejudice and, as such, constituted a final order. See Pennsylvania Rule of Appellate Procedure 341(b)(1), Pa. R.A.P. 341(b)(1) (defining a final order, in pertinent part, as one that "disposes of all claims and of all parties"). Therefore, pursuant to Pennsylvania Rule of Appellate Procedure 903(a), Pa. R.A.P. 903(a), Spada had to file his notice of appeal within 30 days after the January 15, 2014 order. However, Spada did not file his Motion until August 1, 2014, almost six months after the appeal period had expired.

Spada filed a Motion for Reconsideration, which he was permitted to do under the rules at any time during the thirty day time period that a trial court retains jurisdiction following the issuance of a final order. Fulton v. Bedford County Tax Claim Bureau, 942 A.2d 240, 242 n.3 (Pa. Cmwlth. 2008). However, if a trial court does not issue an order expressly granting reconsideration within thirty days of the final order, it loses the power to act upon the motion for reconsideration and its original order becomes final. Lichtman v. Glazer, 111 A.3d 1225, 1229-30 (Pa. Cmwlth. 2015). A trial court has no obligation to act on a motion for reconsideration and its inaction "has the effect of a denial." Id. at 1230 (citing Pennsylvania Rule of Appellate Procedure 1701(b)(3)(ii) and *Note*, Pa. R.A.P. 1701(b)(3)(ii) and *Note*). The trial court chose not to act on Spada's Motion for Reconsideration, dated January 17, 2014 and docketed January 29, 2014, and lost jurisdiction to do so on February 14, 2014. As noted by the Court Administrator's July 29, 2014 letter, when the appeal period expired, the Motion for Reconsideration became moot; this is because the trial court no longer had jurisdiction to reconsider the January 15, 2014 order and the dismissal of the Complaint was final. Moreover, Spada's filing of the Motion for Reconsideration did not stop the thirty day appeal period from running, and he had to file his appeal within that thirty day period.

Spada relies on Civil Rules 227.1 and 227.4 to argue, essentially, that his appeal should have been accepted nunc pro tunc because he filed the Motion for Reconsideration as a "Post-Verdict Motion" and, despite his efforts, he did not know the trial court had dismissed the Motion for Reconsideration as being moot until July 29, 2014. (Spada's Br. at 4.) However, because the January 15, 2014

7

order dismissed the Complaint without a trial or other evidentiary proceeding that would constitute a trial, these civil rules requiring the filing of post-trial motions do not apply. See Pa. R.C.P. No. 227.1(b)(2), (c) (entitled "Post-*Trial* Relief" and requiring motions to be filed within ten days of the "verdict . . . in the case of a jury *trial*" or "the decision in the case of a *trial* without jury" (emphasis added)); Pa. R.C.P. No. 227.1(c), *Note* (stating that "[a] motion for post-trial relief *may not be filed* to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, . . . or other proceedings *which do not constitute a trial*" (emphasis added)). The trial court reviewed the Complaint, concluded that the Complaint was frivolous[5] and had no merit as a matter of law, and dismissed the Complaint with prejudice as permitted by Pennsylvania Rule of Civil Procedure 240(j). Because there was no trial or trial equivalent, Spada was neither required to file, nor did he file, a post-trial motion; therefore, Spada's assertion that nunc pro tunc relief is warranted because he did not know that the trial court did not rule on his "Post-Verdict Motion" is not correct.

We are also unpersuaded by Spada's reliance on Civil Rule 227.4(b), which authorizes, in relevant part, a "prothonotary to enter judgment upon praecipe of a party . . . upon a nonsuit by the court, the verdict of a jury or the decision of a judge following a trial without jury, if . . . [a] timely post-trial motion is filed" and

---

[5] An action is "frivolous" for the purposes of Rule 240(j) if it "'lacks an arguable basis either in law or in fact.'" Bailey v. Wakefield, 933 A.2d 1081, 1083 (Pa. Cmwlth. 2007) (quoting Pa. R.C.P. No. 240, *Note*). "An action is frivolous under this provision, if, on its face, it does not set forth a valid cause of action." Id. at 1083-84. Section 6602(e)(2) of the Prison Litigation Reform Act likewise indicates that a trial court should "dismiss prison conditions litigation at any time . . . if the court determines," *inter alia*, that the litigation "is frivolous or . . . fails to state a claim upon which relief may be granted." 42 Pa. C.S. § 6602(e)(2).

the trial court does not issue an order within 120 days after the filing of the motion. Pa. R.C.P. No. 227.4(b). As stated previously, there was no trial in this matter and, therefore, there was no verdict or decision from which post-trial motions could be filed to begin the running of the 120-day period set forth in Civil Rule 227.4(b). The fact that Spada filed the Motion for Reconsideration before the appeal period expired, which the trial court chose not to rule upon, does not render Civil Rule 227.4(b) applicable.

After reviewing Spada's assertions, we conclude, as the trial court did, that the circumstances here do not warrant the extraordinary relief of a nunc pro tunc appeal.[6] Spada's untimely appeal is the result of his not understanding the procedure required to preserve his appellate rights. "The grant of nunc pro tunc relief is not designed to provide relief to parties who[] . . . [have] not followed proper procedure in preserving [their] appellate rights." Lenhart, 824 A.2d at 1197-98. Although Spada blames the trial court and court officials for not responding to the Motion for Reconsideration or giving him notice that it had been denied, the trial court was under no obligation to rule on the Motion for Reconsideration, did not do so, and lost jurisdiction to do so thirty days after the January 15, 2014 order. Spada apparently did not understand that the filing of a Motion for Reconsideration does not stop the appeal period from running. This is not a situation where "the appellant has clearly established that [he] attempted to

---

[6] Although the trial court initially referred to Spada's request as one to file post-trial motions nunc pro tunc, the Motion requests the right to file an appeal from the trial court's January 15, 2014 order nunc pro tunc. (Trial Ct. Opinion and Order, August 13, 2014, at 1.) However, the trial court applied the correct standard for nunc pro tunc relief and ultimately concluded that the circumstances did not warrant granting Spada's Motion, which requested relief to appeal nunc pro tunc. (Trial Ct. Opinion and Order, August 13, 2014, at 1-2.)

9

file an appeal, but unforeseeable and unavoidable events precluded h[im] from actually doing so." <u>Criss</u>, 781 A.2d at 1160.

Accordingly, we affirm the trial court's Order denying Spada's Motion.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary Spada,                          :
                                        :
                Appellant            :
                                        :
        v.                      :   No. 1048 C.D. 2015
                                        :
Donald Farabaugh and J.A.               :
Farabaugh, individually                 :
and in their official capacities        :

# **O R D E R**

   **NOW**, November 3, 2015, the Order of the Court of Common Pleas of Clearfield County, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER, Judge**