# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Ronald Daniels,<br>Petitioner | : <br> : <br> : |
| v. | :     No. 369 M.D. 2013 <br> :     Submitted: May 13, 2016 |
| Commonwealth of Pennsylvania,<br>Department of Labor and Industry,<br>Office of Administration, and Office<br>of Information Technology and<br>Gregg Shore, individually and in his<br>official capacity and Terry Singer,<br>individually and in his official capacity<br>and George White, individually and in<br>his official capacity and Tony Encinias,<br>individually and in his official capacity<br>and Julia Hearthway, individually and<br>in her official capacity,<br>                Respondents | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**BEFORE:**   **HONORABLE P. KEVIN BROBSON, Judge**
                  **HONORABLE MICHAEL H. WOJCIK, Judge**
                  **HONORABLE JAMES GARDNER COLINS, Senior Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED: December 22, 2016**


Respondents Commonwealth of Pennsylvania, Department of Labor and Industry (L&I), Office of Administration (OA), and Office of Information Technology (OIT), Gregg Shore, Terry Singer, George White, Tony Encinias, and Julia Hearthway (collectively, Respondents), request this Court grant summary relief in the form of a motion for summary judgment dismissing Ronald Daniels'

(Petitioner) Petition for Review. For the reasons set forth below, we deny Respondents' application for summary relief.

Petitioner initiated this suit by filing a complaint in the Court of Common Pleas of Dauphin County, alleging several claims under federal law as well as a claim under the Whistleblower Law, Act of December 12, 1986, P.L. 1559, *as amended,* 43 P.S. §§ 1422-1428 (Whistleblower Law). The parties stipulated to a transfer to this Court. Following Petitioner's amendment of his complaint to add federal and state law claims after exhausting his administrative remedies with the EEOC, Respondents removed the matter to the United States District Court for the Middle District of Pennsylvania (district court). Thereafter, the district court dismissed Petitioner's federal law claims as well as his claims for race discrimination and retaliation under the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 805, *as amended,* 43 P.S. §§ 951-963. The district court then remanded to this Court Petitioner's remaining claim. The parties engaged in discovery, and Respondents then filed the application for summary relief now before the Court.

Pursuant to Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b); *Summit Sch., Inc. v. Dep't of Educ.,* 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015). We must determine, based on the undisputed facts, whether "either party has a clear right to the relief requested." *Bell Atlantic-Pa., Inc. v. Tpk. Comm'n*, 703 A.2d 589, 590 (Pa. Cmwlth. 1997), *aff'd*, 713 A.2d 96 (Pa. 1998). The record, for purposes of the motion for summary relief, is the same as a record for purposes of a motion for summary judgment.

*Meggett v. Pa. Dep't. of Corr.*, 892 A.2d 872, 879 n.13 (Pa. Cmwlth. 2006). Pursuant to Rule 1035.1 of the Pennsylvania Rules of Civil Procedure, the record in a motion for summary judgment includes: "(1) pleadings, (2) depositions, answers to interrogatories, admissions and affidavits, and (3) reports signed by an expert witness that would, if filed, comply with Rule 4003.5(a)(1), whether or not the reports have been produced in response to interrogatories." Pa. R.C.P. No. 1035.1. "[T]estimonial affidavits or deposition testimony alone, even if not contradicted, [however,] is insufficient to establish the absence of a genuine issue of material fact because the credibility of the testimony is a matter for the factfinder." *Dep't of Transp. v. UTP Corp.,* 847 A.2d 801, 806 (Pa. Cmwlth. 2004); *See also Nanty-Glo Borough v. American Surety Co.,* 163 A. 523 (Pa. 1932); Note to Pa. R.C.P. No. 1035.2. Moreover, "[t]he record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Baker v. City of Philadelphia*, 603 A.2d 686, 688 (Pa. Cmwlth. 1992).

As to the matter now before the Court, during the relevant time period, Petitioner was employed by L&I as the Executive Director, Chief Information Officer. The individual Respondents–Singer, White, Encinias, and Hearthway–were persons with supervisory authority over Petitioner either through L&I or the Office of Administration (OA).[1] Petitioner's only remaining claim

---

[1] Respondent Singer was the former Deputy Secretary for Administration at L&I from July 2011 until January 2013. Respondent Hearthway was Secretary of L&I from April 2011 until January 2015. Respondent Encinias was appointed Deputy Secretary for Information Technology and Chief Information Officer (CIO) for the Commonwealth on December 29, 2012; formerly, he was Chief Technology Officer reporting to the former CIO, George White. Respondent Shore was the Deputy Secretary of Unemployment Compensation Programs for L&I **(Footnote continued on next page…)**

arises under Section 3 of the Whistleblower Law, *as amended*, 43 P.S. § 1423, which provides:

> No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

Petitioner maintains that Respondents violated the Whistleblower Law by terminating his employment in retaliation for filing reports disclosing waste and wrongdoing that he discovered while employed at L&I. Respondents contend that Petitioner did not make a report within the meaning of the Whistleblower Law and that no waste or wrongdoing occurred. Additionally, Respondents aver that, even if Petitioner did report waste or wrongdoing, L&I had alternative, legitimate reasons to terminate his employment. Respondents, in their application for summary relief, advance assertions and contend that they are supported by undisputed material facts.

In order to prevail in a claim under the Whistleblower Law, a petitioner must prove that, prior to the alleged retaliation, he or she reported or was about to report in good faith an instance of wrongdoing or waste. *O'Rourke v. Dep't of Corr.*, 778 A.2d 1194, 1198 (Pa. 2001). The petitioner must do more

---

**(continued…)**

and, although he did not have direct supervisory authority over Petitioner, he worked closely with Petitioner on the UCMS project.

4

than merely demonstrate that he or she was terminated sometime after making such a report. *Golaschevsky v. Dep't of Envtl. Prot.,* 720 A.2d 757, 759 (Pa. 1998) (*Golaschevsky II)*. Instead, the petitioner must show a "causal connection . . . 'by concrete facts or surrounding circumstances that the report of wrongdoing or waste led to the [petitioner's] dismissal, such as that there was specific direction or information received not to file the report or that there would be adverse consequences because the report was filed.'" *Evans v. Thomas Jefferson Univ.*, 81 A.3d 1062, 1070-71 (Pa. Cmwlth. 2013) (quoting *Golaschevsky II*, 720 A.2d at 759). The Whistleblower Law does not protect an employee who reports every peccadillo of his or her coworkers. *Golaschevsky v. Dep't of Envtl. Res.*, 683 A.2d 1299, 1304 (Pa. Cmwlth. 1996) (*Golaschevsky I)*, *aff'd sub nom. Golaschevsky v. Dep't of Envtl. Prot.*, 720 A.2d 757 (Pa. 1998). If a petitioner proves the existence of a causal connection between the report of waste or wrongdoing and his or her eventual termination, the burden shifts to the respondents to show that their actions were lawful. *O'Rourke*, 778 A.2d at 1200. The respondents may prevail if they prove by a preponderance of the evidence that the employer terminated the employee's employment for separate, legitimate reasons that are not mere pretext. *Id.* at 1204. "[A]n employer should not incur liability for independently justified adverse personnel action simply because animus may exist based upon prior reports of wrongdoing." *Id.*

Here, Respondents present what they refer to as "undisputed material facts," which they assert support summary judgment in their favor. More specifically, Respondents contend that the "facts," which are largely based upon their own deposition testimony, establish that Petitioner's reports do not rise to the level of a "good faith report . . . to the employer or an appropriate authority" within

5

the meaning of Section 3 of the Whistleblower Law. Respondents appear to take the position that any report Petitioner may have made to members of the General Assembly was insufficient because it was not made to the appropriate member or members of the General Assembly. Petitioner counters with his deposition testimony regarding his reporting to members of the General Assembly and L&I, disputing that his reports to certain members of the General Assembly were insufficient and disagreeing with Respondents' factual characterization of the reports that he made to L&I. Respondents also contend that Petitioner cannot establish any alleged waste or wrongdoing, yet Petitioner in his deposition testifies to actual losses in the form of payments which he contends should have been either credited back to L&I or credited against other work performed by IBM but were not. Petitioner also provides testimony which he contends, if believed, establishes wrongdoing by L&I in the form of violations of civil service laws. Respondents appear to disagree with Petitioner's factual characterization of the circumstances surrounding the alleged losses and alleged violations of civil service laws. While Respondents take the position that Petitioner was fired for lack of leadership, lack of skill in IT, and unprofessional interactions and could have been fired for another independent ground related to his internet usage, Petitioner points to a lack of any record of adverse employment actions or any form of discipline prior to his reports of waste and wrongdoing and observes that his internet usage was never identified to him as a basis for his termination. He also contends that he began to experience adverse employment actions concurrent with his reporting of the alleged waste and wrongdoing. Petitioner contends that, for the reasons set forth above, Respondents' stated causes for termination were pretextual.

6

Clearly, this is not a situation where the parties agree on the material facts and are asking the Court to apply the law to the facts. Rather, despite Respondents' representation to the contrary, material facts are in dispute in this case, which prevents the Court from considering the merits of the application for summary relief.

Accordingly, we deny Respondents' application for summary relief in the form of a motion for summary judgment.

_____
P. KEVIN BROBSON, Judge

Judge Hearthway did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Daniels,                                    :
                                    Petitioner     :
                                                   :
            v.                                     :   No. 369 M.D. 2013
                                                   :
Commonwealth of Pennsylvania,                      :
Department of Labor and Industry,                  :
Office of Administration, and Office               :
of Information Technology and                      :
Gregg Shore, individually and in his               :
official capacity and Terry Singer,                :
individually and in his official capacity          :
and George White, individually and in              :
his official capacity and Tony Encinias,           :
individually and in his official capacity          :
and Julia Hearthway, individually and              :
in her official capacity,                          :
                                    Respondents     :

# **O R D E R**


AND NOW, this 22nd day of December, 2016, Respondents' application for summary relief in the form of a motion for summary judgment is hereby DENIED.


_____
P. KEVIN BROBSON, Judge