IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1391 C.D. 2017 |
| | : | Submitted: November 13, 2018 |
| David Perez, $22,025.00, | : | |
| Appellant | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. MCCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: January 9, 2019

David Perez appeals an order of the Court of Common Pleas of York County (trial court) forfeiting cash claimed by Perez in the amount of $22,025 to the Commonwealth of Pennsylvania. The trial court granted Perez's petition to appeal to this Court *nunc pro tunc*. The Commonwealth argues that the trial court erred in permitting the appeal and, thus, this Court lacks jurisdiction to hear Perez's appeal. We vacate and remand.

The procedural history follows. The Commonwealth filed a petition for forfeiture of cash seized from Perez's vehicle following a traffic stop by police. Perez filed a petition for the return of the money. An evidentiary hearing was held, and on May 26, 2017, the trial court ordered that the cash be forfeited to the Commonwealth. The forfeiture order was filed May 31, 2017.

On July 3, 2017, Perez filed a motion for reconsideration requesting the trial court reevaluate its forfeiture order in light of the Pennsylvania Supreme Court's decision in *Commonwealth v. 1997 Chevrolet and Contents Seized from Young*, 160 A.3d 153 (Pa. 2017), which was decided on May 25, 2017. On July 27, 2017, Perez

filed a motion requesting that reconsideration be allowed *nunc pro tunc*. On July 28, 2017, Perez filed a "Motion For Consideration Nunc Pro Tunc And Appeal of Courts (sic) Decision." Perez's two *nunc pro tunc* motions alleged that on June 23, 2017:

> we mailed out our answer [sic] and faxed a copy to the [trial court] and all parties. On June 30, 2017[,] it was returned to our office for insufficient funds. We again mailed the motion and also faxed a copy of the return envelope to your Law Clerk.

Motions for Reconsideration *Nunc Pro Tunc*, ¶3 at 1.

On August 15, 2017, the trial court issued an order denying all three reconsideration applications because they were not filed within 30 days of the forfeiture order. The trial court explained that "because the period to appeal on this [c]ourt's order has expired … this [c]ourt has lost the power to act upon [the] Motion for Reconsideration *Nunc Pro Tunc*." Trial Court Order, 8/15/2017, at 2. The trial court advised that Perez's "only avenue to such redress is to file a petition seeking permission to appeal *nunc pro tunc*." *Id.*

On August 28, 2017, Perez filed a petition to appeal the trial court's forfeiture order *nunc pro tunc*. Again, he stated that he mailed his motion on June 23, 2017, but it was returned for insufficient funds on June 30, 2017. Perez sought the trial court's reconsideration of its forfeiture or an appeal of the trial court's order to this Court. On September 21, 2017, the trial court entered an order stating that "upon review of [the] *Nunc Pro Tunc* Petition[,]" Perez "established sufficient reasons to entitle him to appeal *nunc pro tunc*." Trial Court Order, 9/21/2017, at 1. In accordance with that order, Perez appealed to this Court.

In his appeal, Perez asserts that the trial court erred in granting a forfeiture of the cash found in his vehicle. The Commonwealth responds that the

2

trial court lacked jurisdiction to enter its order of September 21, 2017, authorizing Perez's appeal of the forfeiture order to this Court.[1]

We begin with a review of the procedural requirements for appellate review of a court order. Pennsylvania Rule of Appellate Procedure 903(a) states as follows:

> Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

PA. R.A.P. 903(a). Simply, Perez had 30 days from the trial court's entry of the forfeiture order to file his appeal to this Court. Perez did not appeal; instead, he sought reconsideration. The rule on reconsideration states as follows:

> **(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> ***
>
> (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:
>
>> (i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and
>>
>> (ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time

---

[1] In reviewing a trial court's decision permitting or refusing to permit a *nunc pro tunc* appeal, this Court determines whether there has been an error of law or a manifest abuse of discretion. *Baker v. City of Philadelphia*, 603 A.2d 686, 687 n.2 (Pa. Cmwlth. 1992).

> prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.
>
> A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. *Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration*, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit.

PA. R.A.P. 1701(b)(3) (emphasis added). Notably, the filing of a motion for reconsideration does not stay the appeal period; the trial court must actually grant reconsideration in order for the appeal period to be tolled. *Oak Tree Condominium Association v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016).

"[A]n appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline." *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County,* 746 A.2d 581, 584 (Pa. 2000). It "is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Id.* at 584 (quoting *Commonwealth v. Stock*, 679 A.2d 760, 764 (Pa. 1996)). Extraordinary circumstances include fraud, a breakdown in a court's operations, or where a litigant has failed to file a timely appeal due to non-negligent circumstances. *Criss v. Wise*,

4

781 A.2d 1156, 1159 (Pa. 2001). To grant a litigant the right to file an appeal *nunc pro tunc*, there must be a factual finding that extraordinary circumstances exist. *Puckett v. Department of Transportation, Bureau of Driver Licensing*, 804 A.2d 140, 143 (Pa. Cmwlth. 2002).

The Commonwealth claims that Perez did not offer sufficient grounds to warrant an appeal *nunc pro tunc*. His petition states as follows:

> June 23, 2017 we mailed out our answer and faxed a copy to the Court and all parties. On June 30, 2017 it was returned to our office for insufficient funds. We again mailed the Motion and also faxed a copy of the return envelope to your Law Clerk.

*Nunc Pro Tunc* Appeal Petition, ¶3 at 1-2. This stated justification is somewhat opaque. In any case, it is not clear whether the mailing was returned for insufficient funds due to negligent or non-negligent circumstances, which requires a factual determination. However, the trial court did not hold a hearing or make any factual findings, as is required before an untimely appeal can be allowed to proceed *nunc pro tunc*. *Baker v. City of Philadelphia*, 603 A.2d 686, 689 (Pa. Cmwlth. 1992).

The deadline for seeking reconsideration is set forth at Section 5505 of the Judicial Code, which provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa. C.S. §5505. However, Section 5505 does not preclude a trial court from addressing a motion for reconsideration *nunc pro tunc* filed after the 30-day period. *Fulton v. Bedford County Tax Claim Bureau*, 942 A.2d 240, 242 n.3 (Pa. Cmwlth. 2008). As noted above, "an appeal nunc pro tunc is a recognized exception to the

general rule prohibiting the extension of an appeal deadline." *Union Electric Corporation*, 746 A.2d at 584.

As such, the trial court should have considered Perez's motions for reconsideration *nunc pro tunc* and decided whether he established "extraordinary cause justifying intervention by the court." *Fulton*, 942 A.2d at 242 n.3 (quoting *Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa. Super. 1997) (citation omitted)). Perez asserted identical grounds in support of his request for *nunc pro tunc* relief on both his application for reconsideration and his appeal. As explained above, there needs to be a factual determination on those asserted grounds.

For the above reasons, we vacate the order of the trial court and remand for the trial court to hold an evidentiary hearing and make factual findings on whether Perez has established extraordinary circumstances to justify either reconsideration of the forfeiture order or an appeal to this Court *nunc pro tunc*.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1391 C.D. 2017 |
| | : | |
| David Perez, $22,025.00, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 9th day of January, 2019, the order of the Court of Common Pleas of York County, dated September 21, 2017, granting *nunc pro tunc* review, is hereby VACATED, and the matter is REMANDED for a determination in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge