**Robert FULTON and Cynthia Fulton**

v.

**BEDFORD COUNTY TAX CLAIM BUREAU**

**Appeal of: Gary Horton.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 30, 2007.

Decided Jan. 31, 2008.

Matthew G. Melvin, Somerset, for appellant.

Anthony J. Zanoni, Bedford, for appellee, Cynthia Fulton.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

This appeal involves the due process rights of a purchaser who holds legal title to property purchased at a judicial sale. In particular, Gary Horton (Purchaser) alleges he is an indispensable party to the property owner's petition to set aside judicial sale. Without notice to Purchaser, the Bedford County Court of Common Pleas (trial court) granted the property owner's petition to set aside the judicial sale to Purchaser on the ground the Bedford County Tax Claim Bureau (Bureau) failed to serve property owner with the predicate rule to show cause before judicial sale. In denying Purchaser's subsequent motion to intervene and for reconsideration, the trial court concluded Purchaser could not overcome evidence that the Bureau failed to serve property owner with the rule to show cause. For the following reasons, we vacate and remand for further proceedings.

Cynthia Fulton (Property Owner) is record owner of property located at 1049 Sweet Root Road, Bedford, Pennsylvania (Property). Due to non-payment of real estate taxes, the Bureau exposed the Property to an upset sale in September 2005; however, it received no bids.

Subsequently, the trial court issued a Rule to Show Cause why the Property should not be sold at judicial sale pursuant to the Real Estate Tax Sale Law (Law).[1] The Rule return date and the hearing on the Rule were scheduled for April 7, 2006. Property Owner did not receive service of the Rule as required by Section 611 of the Law.[2] Property Owner did not answer the Rule or appear at the hearing on the Rule at which the judicial sale was approved and scheduled.

In May 2006, the Bureau sold the Property at judicial sale to Purchaser. Impor-

---

1. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

2. Section 611, 72 P.S. § 5860.611, provides: Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth. When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

tantly, it conveyed a deed to him in June 2006.

Thereafter, in an attempt to reclaim her property, Property Owner filed an amended petition to set aside tax sale (Petition) alleging she did not receive notice of either the upset sale or the judicial sale. Unfortunately, Property Owner did not serve Purchaser with her Petition.

Following a hearing at which the Bureau offered evidence regarding its attempts to serve Property Owner with the Rule to Show Cause, the trial court entered a January 5, 2007 order setting aside the judicial sale. Noting the sheriff's inability to effectuate personal service, the trial court determined the Bureau failed to undertake any steps to effectuate alternative service of the Rule. The trial court granted Property Owner's petition on the ground "it is a requirement that [Property Owner] be personally served with the *Rule to Show Cause* why [her] property should not be sold at a tax sale." Trial Ct. Order, 1/5/07; Reproduced Record (R.R.) at 26a.

On March 1, 2007, Purchaser filed a motion seeking to intervene in the proceedings and for reconsideration of the trial court's January 5 order (Purchaser's Motion). Purchaser alleges he is an indispensable party to Property Owner's action to set aside tax sale who was not afforded notice and opportunity to be heard. Purchaser also avers Property Owner received actual notice of the Rule to Show Cause and subsequent judicial sale.

At a brief hearing focused on intervention, Property Owner conceded she failed to serve Purchaser with her earlier Petition. Purchaser presented argument limited solely to his right to intervene. The Bureau did not object to intervention. Nevertheless, the trial court thereafter denied Purchaser's Motion on the ground Purchaser could not overcome the Bureau's failure to properly serve Property Owner with the Rule to Show Cause. Trial Ct. Order, 6/14/07.

Purchaser appeals. On review, we conclude the trial court abused its discretion by denying intervention. Purchaser is an indispensable party to the proceedings below as legal owner of the Property.[3]

---

**3.** We note Purchaser filed his Motion more than 30 days after the trial court entered its January 5, 2007 order granting Property Owner's Petition. Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, states: "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order *within 30 days after its entry,* notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." (Emphasis added.) Under this section, a trial court has broad discretion to modify or rescind an order, and its power may be exercised on the court's own motion or invoked pursuant to a party's motion for reconsideration. *Haines v. Jones,* 830 A.2d 579 (Pa.Super.2003). "[T]he trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order." *Id.* at 584 (citation omitted). Unless the court enters an order granting reconsideration within the 30–day period, the power to grant reconsideration is lost. *In re Upset Price Tax Sale of September 25, 1989,* 150 Pa.Cmwlth. 191, 615 A.2d 870 (1992). After expiration of the 30–day period, however, the court may only open or vacate an order upon a showing of extrinsic fraud, *lack of subject matter jurisdiction,* a fatal defect on the face of the record or some other evidence of "extraordinary cause justifying intervention by the court." *Stockton v. Stockton,* 698 A.2d 1334, 1337 (Pa.Super.1997) (citation omitted, emphasis added).

Failure to join an indispensable party to a lawsuit deprives the court of subject matter jurisdiction. *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes,* 915 A.2d 719 (Pa.Cmwlth.2007). A party is deemed to be indispensable when his or her rights are so connected to the claims of the litigants that no decree can be made without impairing those rights. *Id.* As we con-

■ At the outset, the Rules of Civil Procedure governing intervention allow a party to intervene "[a]t any time during the pendency of an action" provided certain conditions exist. Pa. R.C.P. No. 2327. In particular, intervention is permitted where a party could have been joined in the original action or where the determination may affect a legally enforceable interest of such person, whether or not such person may be bound by a judgment in the action. Pa. R.C.P. No. 2327(3), (4). Intervention is a matter within the sound discretion of the trial court, and absent a manifest abuse of such discretion, its exercise will not be disturbed on review. *First Commonwealth Bank v. Heller*, 863 A.2d 1153 (Pa.Super.2004), *appeal denied*, 584 Pa. 721, 887 A.2d 231 (2005).

Our decision in *M.J.M Financial Services, Inc. v. Burgess by Dignazio*, 111 Pa.Cmwlth. 301, 533 A.2d 1092 (1987) is instructive on the issue of intervention. There, the common pleas court set aside an upset sale where the taxing bureau failed to properly serve the record property owner with notice of the sale. The purchaser then sought to intervene in the proceedings, but the common pleas court determined it lacked standing to intervene.

Rejecting the property owner's claims the purchaser's motion to intervene was untimely, we recognized Pa. R.C.P. No. 2327 does not address the situation where a purchaser is unaware of litigation until after a court grants a property owner's petition to set aside tax sale. In such cases, intervention is justified. *Id.*[4]

The instant facts present even more compelling reasons for Purchaser's intervention. In *M.J.M. Financial Services*, the common pleas court refused to confirm the upset sale. In this case, however, Purchaser's status is more than that of a successful bidder.[5]

Sections 608 of the Law, 72 P.S. § 5860.608, instructs the deed to a tax delinquent property offered at an upset sale is conveyed to the taxing bureau as trustee. Thus, the taxing bureau becomes trustee of a property at the moment it concludes an upset sale, when the property is struck down, and legal title passes to the taxing bureau. *Commonwealth v. Sprock*, 795 A.2d 1100 (Pa.Cmwlth.2002).

Here, the Bureau conveyed its title to the Property to Purchaser in June 2006. Motion to Intervene and Reconsideration of Order of Court dated January 5, 2007 at ¶ 4; Attachment A; *see* 72 P.S. § 5860.611.

clude above, Purchaser, as legal owner, is an indispensable party to Property Owner's Petition. Therefore, the trial court retains jurisdiction to hear Purchaser's Motion despite its untimeliness.

4. In *M.J.M. Financial Services*, the purchaser filed his motion to intervene within the 30–day reconsideration period. Consequently, there was no issue regarding timeliness of the motion to intervene.

5. Generally, Section 607(d) of the Law, 72 P.S. § 5860.607(d) does not make the successful bidder at upset sales, whose purchases have not been confirmed, a party to objection proceedings. *See In re Tax Sale Held September 10, 2003 by Tax Claim Bureau of Lackawanna County*, 859 A.2d 15 (Pa.Cmwlth.2004)

(successful bidder who failed to intervene in petition to set aside upset sale lacked standing to appeal). In addition, successful bidders must petition to intervene in order to be considered parties to objection proceedings challenging a confirmation *nisi*. *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719 (Pa. Cmwlth.2007). In other words, a successful bidder is not an indispensable party to proceedings challenging a tax sale. The successful bidder must petition to intervene in any such proceedings. As more fully explained above, Purchaser here holds title to the Property, thus distinguishing himself from the purchasers in Lackawanna County and Clinton County.

As a result, Purchaser now holds legal title to the Property. *See Wagner v. Wagner*, 466 Pa. 532, 353 A.2d 819 (1976) (conveyance of real property by deed is presumptively valid and will not be set aside unless it is shown by clear and convincing evidence the transfer was improperly induced by fraud or some other misconduct by the transferee, or that the deed was ineffective to pass title); 6 *Summary of Pennsylvania Jurisprudence 2d* § 9:52 (2007) (delivery of deed is necessary to render it legally operative and is all that is required to pass title); *see also Rivera v. Carbon County Tax Claim Bureau*, 857 A.2d 208 (Pa.Cmwlth.2004) (where notice provisions of Law are met, taxing bureau becomes trustee of property exposed to upset sale and title passes by operation of law).

As legal owner, Purchaser is entitled to due process before title to the Property may be transferred to another:

> [n]othing can be more fundamental in representative government than that no one may [be] deprived of life, liberty, or property [without] due process of law. And the most rudimentary requirement of due process ... is that [a] landowner shall know that his land is being taken or is about to be taken.... Whatever else may be uncertain about the definition of the term "due process of law" all authorities agree that it inhibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and *Without notice or an opportunity for a hearing.*

*Pocono Pines Corp. v. Bd. of Property*, 10 Pa.Cmwlth. 466, 310 A.2d 719, 722 (1973) (quoting *Angle v. Commonwealth*, 396 Pa. 514, 518, 153 A.2d 912, 914–15 (1959) (emphasis added)). *See Fernandez v. Tax Claim Bureau of Northampton County*, 925 A.2d 207 (Pa.Cmwlth.2007) (due process requires the government to provide notice to property owner of an impending taking).

To that end, appellate courts consistently hold property owners are indispensable parties to lawsuits affecting their property rights. *See Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 464 Pa. 377, 346 A.2d 788 (1975) (in litigation involving an easement, the fee simple owner of a servient tenement is an indispensable party); *Zerr v. Dep't of Envtl. Res., Bureau of State Parks*, 131 Pa.Cmwlth. 317, 570 A.2d 132 (1990) (United States which owned the mineral rights in a piece of property was an indispensable party in adjacent landowner's suit to quiet title of strips of land along the boundary); *Biernacki v. Redevelopment Auth. of City of Wilkes–Barre*, 32 Pa.Cmwlth. 537, 379 A.2d 1366 (1977) (owner of real estate is an indispensable party to proceedings seeking transfer of title to property of another); *Posel v. Redevelopment Auth. of City of Phila.*, 72 Pa.Cmwlth. 115, 456 A.2d 243 (1983) (equitable owner in a piece of property is an indispensable party to an equity action attempting to stop the sale of the property to the equitable owner).

Here, the trial court properly recognized the Bureau could not deprive Property Owner of her property without due process as provided in the Law. Likewise, Purchaser, who holds legal title to the Property, cannot be deprived of his property without notice and an opportunity to be heard. Purchaser must be allowed to defend against allegations that the means by which he acquired his deed are invalid.[6]

---

**6.** Specifically, Purchaser asserts Property Owner had actual notice of the Rule to Show Cause. *See* Purchaser's Br. at 7 (Property Owner had actual notice of Rule to Show Cause); Petition to Set Aside Tax Sale, Ex. B, Reproduced Record at 8a (Property Owner's letter acknowledging impending tax sale dated after Rule to Show Cause). We make no

Given the lapses in service by various parties which complicated the proceedings, as well as numerous continuances, the trial court's interest in efficient and final disposition was understandable. Nevertheless, we conclude the trial court abused its discretion in denying intervention. Accordingly, the June 16, 2007 order of the trial court is vacated, and this matter is remanded for further proceedings.

### ORDER

AND NOW, this 31st day of January, 2008, the order of the Court of Common Pleas of Bedford County is **VACATED** and this matter is **REMANDED** for proceedings consistent with the foregoing opinion. Jurisdiction is relinquished.

determination whether such notice satisfies the Law's service requirements.