IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, : 
              Appellant : 
               : 
               : 
           v. :   No. 388 C.D. 2018
               :   Submitted: January 4, 2019
Superintendent Hill, D. P. Lyons, : 
Joseph P. Cronin Jr., A. Sheldon : 
Kovach, Patrick L. Meehan, Daniel : 
McDevitt, Richard Daubenberger, : 
Francis J. Dujmic, Ranald A. Berry, : 
Steven Brown, John Murphy, John : 
Easton, Delaware County, Paul G. : 
Mattus, Joseph W. Dorsey, Nicholas : 
G. Theodore, Emilio DeMatteo Jr., : 
York Stenographic Services, Inc., : 
Charles Kelbley, Michael Green, : 
Henry Lunardi, Michael J. Henry, : 
George W. Hill : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: August 1, 2019

       Alton D. Brown appeals two orders of the Court of Common Pleas of Delaware County (trial court) in his civil action against Delaware County (County) and several of its officials and employees for alleged violations of Brown's constitutional rights. The first order denied Brown's motion to appeal *nunc pro tunc* ten orders sustaining the defendants' preliminary objections and dismissing his first amended complaint with prejudice. The second order denied his motion to strike those orders. Brown claims he has a right to proceed *nunc pro tunc* because he never received the trial court's orders sustaining the defendants' preliminary objections or

the trial court's order denying his first request for *nunc pro tunc* relief. Further, the trial court erred by characterizing his motions as seeking reconsideration and refusing to address the merits. We vacate and remand for a hearing on Brown's motions.

Brown is currently serving a cumulative prison sentence of 108 to 216 years. *Brown v. Levy*, 73 A.3d 514, 515 (Pa. 2013). The balance of his sentence relates to his April 8, 1997, escape from the George W. Hill Correctional Facility (County Prison) and the crimes he committed while attempting to avoid apprehension. *See Commonwealth v. Brown* (Pa. Super., No. 12 EDA 2012, filed May 8, 2014) (detailing Brown's multiple convictions and sentences). In sum, Brown was convicted in the County of escape; robbery (multiple counts); burglary; aggravated assault (multiple counts); possession of an instrument of crime (multiple counts); and theft (multiple counts).

Relevant here is a first amended complaint Brown filed on September 6, 2005,[1] against numerous public officials and employees (collectively, Defendants).[2] Brown alleged a number of civil rights violations that he claimed

---

[1] The original complaint was filed March 8, 2005.

[2] The Defendants are Superintendent Hill (first name not provided), the superintendent of the County Prison; D. P. Lyons, the deputy warden of the County Prison; Joseph P. Cronin Jr., a trial court judge; A. Sheldon Kovach, an employee of the district attorney's office; Patrick L. Meehan, an employee of the district attorney's office; Daniel McDevitt, an employee of the district attorney's office; Richard Daubenberger, an employee of the district attorney's office; Francis J. Dujmic, a County administrative court reporter; Ranald A. Berry, a local law enforcement officer; Steven Brown, a local law enforcement officer; John Murphy, a local police department detective; John Easton, a County detective; Paul G. Mattus, a County commissioner; Joseph W. Dorsey, Director of the Office of Judicial Support; Nicholas G. Theodore, an employee of the public defender's office; Emilio DeMatteo, Jr., an employee of the public defender's office; York Stenographic Services, Inc., the official stenographic service of the County; Charles Kelbley, appointed appellate counsel; Michael Green, appointed appellate counsel; Henry Lunardi,

occurred during his confinement in the County Prison following his apprehension for escape and the prosecution on the criminal charges. The first amended complaint claims that many people in the County conspired to convict persons of color[3] of crimes by presenting false evidence against them, destroying evidence in their favor, and sabotaging their post-conviction appeals. Brown sought a declaratory judgment that Defendants violated his constitutional rights, an injunction prohibiting Defendants from deciding any issues relating to his criminal charges, compensatory damages of $20,000,000 and punitive damages of $20,000,000.

Issues regarding service of the first amended complaint persisted from 2005 through 2011. In 2011, Defendants filed preliminary objections. After requesting and receiving several extensions of time to respond to the preliminary objections to the first amended complaint, Brown filed a second amended complaint. On August 9, 2012, the trial court struck the second amended complaint and ordered Brown to respond to the preliminary objections to the first amended complaint. Brown did respond. On October 25, 2013, the trial court filed ten orders sustaining Defendants' preliminary objections and striking the first amended complaint with prejudice.

On November 9, 2015, Brown requested leave to appeal the trial court's 2013 orders *nunc pro tunc*. He claimed that he never received the 2013 orders and that he first learned the trial court dismissed his case on November 2, 2015. Brown claimed that prison records would show he did not receive any mail from the trial court after the 2013 orders were filed. Defendants did not respond to this motion or to any of Brown's subsequent motions to the trial court. On December 9, 2015, the

appointed appellate counsel; Michael J. Henry, appointed appellate counsel; George W. Hill, warden of the County Prison; and the County (collectively, Defendants).

[3] Brown is African-American.

3

trial court filed an order denying Brown's request to appeal the 2013 orders *nunc pro tunc*. The trial court did not state a reason for denying *nunc pro tunc* relief.

On March 25, 2016, Brown filed a "re-newed motion" requesting leave to appeal the 2013 orders *nunc pro tunc*. Brown reiterated that he never received notification from the trial court that his case was dismissed in 2013. He first learned of the dismissal when he received documents in another one of his cases against the County. He claimed that the failure to provide notice constituted another inappropriate act by County courthouse staff.

On April 4, 2016, Brown filed a motion to strike the 2013 orders. Brown claimed that, in addition to never receiving the 2013 orders, he never received notice of the December 9, 2015, order denying *nunc pro tunc* relief. This prompted his renewed motion on March 25, 2016, requesting leave to appeal the 2013 orders *nunc pro tunc*. He believed his original 2015 motion for *nunc pro tunc* relief remained outstanding.

On January 12, 2018, the trial court filed two orders. The first order denied Brown's renewed motion to appeal the 2013 orders *nunc pro tunc*, which the trial court characterized as a motion for reconsideration of its 2015 order denying *nunc pro tunc* relief. The trial court stated that Brown's request for reconsideration was filed more than 90 days after the 2015 order. As such, it was beyond the time the trial court had jurisdiction to reconsider its order. The second order denied Brown's motion to strike the 2013 orders. The trial court stated it was also treating this motion as a request for reconsideration. Because the motion was filed 29 months after the 2013 orders were filed, it was beyond the time the trial court had jurisdiction to reconsider the orders. Brown now appeals both orders.

4

On appeal,[4] Brown argues that the trial court erred in denying his motions. Brown contends that he is entitled to a hearing to establish that he never received the trial court's 2013 orders sustaining Defendants' preliminary objections or the trial court's 2015 order denying his motion to appeal the 2013 orders *nunc pro tunc*. Brown further asserts that he was entitled to file a motion to strike the 2013 orders because if he had received timely notice of the orders, he would have filed a timely motion to strike the orders. Brown requests a remand to the trial court for a hearing on his motions.

We begin with Brown's challenge to the trial court's 2018 order denying his renewed motion to appeal the 2013 orders *nunc pro tunc*. Brown contends that he did not learn of the 2013 orders sustaining Defendants' preliminary objections and dismissing the first amended complaint until 2015. He immediately filed a motion for leave to appeal *nunc pro tunc*. The trial court denied his motion on December 9, 2015. However, he also did not receive that order. This was why he filed the renewed motion for *nunc pro tunc* relief on March 25, 2016. His renewed motion was not a request for reconsideration. He filed a renewed motion because he believed the trial court had yet to act on his 2015 motion.

Brown further asserts that the trial court's 2015 order denying *nunc pro tunc* relief was improper because the trial court never held a hearing. Brown contends that he was entitled to a hearing to establish that he never received the 2013

---

[4] Our review of a trial court's order granting or denying *nunc pro tunc* relief determines whether there has been an error of law or a manifest abuse of discretion. *Baker v. City of Philadelphia*, 603 A.2d 686, 687 n.2 (Pa. Cmwlth. 1992).

orders, or the 2015 order; Brown claims he could have proven non-receipt through mail records maintained by the Department of Corrections.[5]  Brown's Brief at 10.

Defendants have filed a brief in response to Brown's appeal to this Court.[6]  They state that Brown did not timely appeal the 2013 orders or the 2015 order.  Brown is a prolific litigator and continues to file repeated requests seeking *nunc pro tunc* relief.  The trial court properly denied his repeated claims.

An appeal *nunc pro tunc* is an exception "to the general rule prohibiting the extension of an appeal deadline."  *Union Electric Corporation v. Board of Property Assessment, Appeals and Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000).  "It is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances."  *Id.* (quoting *Commonwealth v. Stock*, 679 A.2d 760, 764 (Pa. 1996)).  Extraordinary circumstances include fraud, a breakdown in a court's operations, or where a litigant has failed to file a timely appeal due to non-negligent circumstances. *Criss v. Wise*,

---

[5] Brown also argues that the County's prothonotary is responsible for mailing trial court orders to parties and should have a record showing whether notice was sent to him.  Brown notes that the prothonotary has failed to send him notice of trial court orders in the past.  In support, Brown references a case currently pending before this Court, *Brown v. Civera* (Pa. Cmwlth., No. 922 C.D. 2017), where a representative of the prothonotary's office admitted Brown was not sent notice of a trial court order. There, Brown filed an application for leave to appeal *nunc pro tunc* with this Court, claiming he did not receive timely notice of the trial court's order dismissing his case.  This Court remanded the case to the trial court to determine whether its order was mailed to Brown and whether he should be permitted to appeal *nunc pro tunc*.

On remand, the trial court held a hearing.  A representative of the office of prothonotary testified that notice of the trial court's order was sent to some of the parties, but not to Brown.  As such, the trial court granted *nunc pro tunc* relief and returned the matter to this Court for consideration on the merits.  *Brown v. Civera* (Pa. Delaware County C.C.P., No. 14-5822, filed October 16, 2017).

[6] Specifically, a brief was filed on behalf of A. Sheldon Kovach, Patrick L. Meehan, Daniel McDevitt and Richard Daubenberger.  The remaining Defendants joined in the brief, with the exception of Superintendent Hill, Ranald A. Berry, Steven Brown and York Stenographic Services, Inc., none of which responded.

781 A.2d 1156, 1159 (Pa. 2001). To grant a litigant the right to file an appeal *nunc pro tunc,* there must be a factual finding that extraordinary circumstances exist. *Puckett v. Department of Transportation, Bureau of Driver Licensing*, 804 A.2d 140, 143 (Pa. Cmwlth. 2002).

Failure to send notice of an order constitutes a breakdown in operations warranting *nunc pro tunc* relief. *Moore v. Pennsylvania Board of Probation and Parole*, 503 A.2d 1099, 1101 (Pa. Cmwlth. 1986). Failure to receive a notice can also warrant *nunc pro tunc* relief.

Here, Brown's original 2015 motion for *nunc pro tunc* relief alleged that the County Prison's mailing records would show he never received copies of the trial court's 2013 orders sustaining Defendants' preliminary objections and dismissing his case. Further, the trial court's records will establish if the orders were sent. Brown's claims that he was deprived of notice of the 2013 orders are sufficient to merit an evidentiary hearing. *See Weiman by Trahey v. City of Philadelphia*, 564 A.2d 557, 559-60 (Pa. Cmwlth. 1989) (when a litigant's *nunc pro tunc* appeal involves a factual determination a hearing before the trial court is warranted). Here, it was error for the trial court to dismiss Brown's November 9, 2015, motion to appeal the 2013 orders *nunc pro tunc* without holding a hearing or explaining the court's reasoning. It follows that the trial court also erred in denying Brown's March 25, 2016, renewed motion for *nunc pro tunc* relief for the same reason.

The trial court characterized Brown's March 25, 2016, renewed *nunc pro tunc* motion and his April 4, 2016, motion to strike the 2013 orders as motions for reconsideration of the trial court's 2015 order denying *nunc pro tunc* relief. This also was error. Brown's March 25, 2016, motion only addressed the trial court's 2013 orders and made no reference to the 2015 order. The April 4, 2016, motion

referenced the 2015 order for the first time. In that motion, Brown emphatically stated that he just learned about the 2015 order and sought to appeal both the 2013 orders and the 2015 orders *nunc pro tunc*.[7]

For the reasons set forth above, we vacate the orders of the trial court dated January 12, 2018, that denied Brown's renewed motion to appeal the 2013 orders *nunc pro tunc* and denied Brown's motion to strike the 2013 orders. We remand for an evidentiary hearing on Brown's motion to appeal the 2013 orders and the 2015 order *nunc pro tunc* and his motion to strike the 2013 orders and reinstate the first amended complaint.

_____
MARY HANNAH LEAVITT, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

_____

[7] Moreover, even if the trial court properly characterized Brown's 2016 motions as seeking reconsideration, it erred in determining it lacked jurisdiction to address them. The 30-day period to request reconsideration is not implicated when a litigant asserts *nunc pro tunc* relief. As this Court has explained:

> "[T]he trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order." [*Haines v. Jones*, 830 A.2d 579, 584 (Pa. Super. 2003)] (citation omitted). Unless the court enters an order granting reconsideration within the 30–day period, the power to grant reconsideration is lost. *In re Upset Price Tax Sale of September 25, 1989*, [] 615 A.2d 870 ([Pa. Cmwlth.]1992). *After expiration of the 30–day period, however, the court may only open or vacate an order upon a showing of* extrinsic fraud, lack of subject matter jurisdiction, a fatal defect on the face of the record or some other evidence of "*extraordinary cause justifying intervention by the court.*" *Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa. Super. 1997) (citation omitted[]).

*Fulton v. Bedford County Tax Claim Bureau*, 942 A.2d 240, 242 n.3 (Pa. Cmwlth. 2008) (emphasis added). Thus, the trial court had jurisdiction to determine whether Brown's claimed lack of notice of the 2013 orders constituted "extraordinary cause justifying intervention by the court." *Id.* (quoting *Stockton,* 698 A.2d at 1337).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                          :
               Appellant                :
                                        :
           v.                           :    No. 388 C.D. 2018
                                        :
Superintendent Hill, D. P. Lyons,        :
Joseph P. Cronin Jr., A. Sheldon         :
Kovach, Patrick L. Meehan, Daniel        :
McDevitt, Richard Daubenberger,          :
Francis J. Dujmic, Ranald A. Berry,      :
Steven Brown, John Murphy, John          :
Easton, Delaware County, Paul G.         :
Mattus, Joseph W. Dorsey, Nicholas       :
G. Theodore, Emilio DeMatteo Jr.,        :
York Stenographic Services, Inc.,        :
Charles Kelbley, Michael Green,          :
Henry Lunardi, Michael J. Henry,         :
George W. Hill                           :

# **O R D E R**

AND NOW, this 1ˢᵗ day of August, 2019, the two orders of the Court of Common Pleas of Delaware County (trial court), dated January 12, 2018, are VACATED and this matter is REMANDED to the trial court for an evidentiary hearing in accordance with the attached opinion.

        Jurisdiction relinquished.

                      _____
                      MARY HANNAH LEAVITT, President Judge