IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                                        :
          v.               :    No.  1863 C.D. 2019
                                        :    Submitted:  April 21, 2023
F.A. Realty Investors Corp.,   :
                  Appellant   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED:  July 14, 2023

      F.A. Realty Investors Corp. (F.A. Realty) appeals the order dated November 18, 2019, in the Court of Common Pleas of Philadelphia County (Common Pleas), which denied its petition to strike the decree directing that a property it owned, 5800 North 17th Street, Philadelphia (Property), be sold at a sheriff's sale.  On appeal, F.A. Realty argues (1) Common Pleas lacked subject matter jurisdiction to direct the sale, as a challenge to the unpaid water bills underlying the sale was pending before the Tax Review Board (Board), (2) the City of Philadelphia (City) failed to comply with service and notice requirements of what is commonly known as the Municipal Claims and Tax Liens Act (Act),[1] and (3) Common Pleas did not hold an appropriate hearing.  In addition, the City has filed an application to strike in this Court, asking that we remove Steve Frempong and Agnes Frempong, whose name also appears in

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455.

the record as Agnes Manu (collectively, the Frempongs), as parties from this appeal and strike any related filings. After careful review, we vacate the order denying F.A. Realty's petition to strike and remand for further proceedings due to F.A. Realty's failure to join an indispensable party. We also grant the City's application to strike.

## I. Background

On October 16, 2017, the City filed a petition for rule to show cause why the Property should not be sold at a sheriff's sale. It averred the Property was subject to liens for unpaid water and sewer bills. Common Pleas issued the rule and directed the City to serve all respondents. The City filed affidavits of service on November 13, 2017, and January 24, 2018. The November 13, 2017 affidavit asserted a process server posted the Property's front door. It included a picture of the front door with service attached. The January 24, 2018 affidavit asserted the City mailed service to F.A. Realty at several different addresses, and to various other interested parties, by certified and first-class mail.

Notably, the January 24, 2018 affidavit of service indicated the City served the Frempongs as interested parties. Steve Frempong appears in the record as both the president and a shareholder of F.A. Realty. Reproduced Record (R.R.) at 54a, 75a; Original Record (O.R.), Item No. 64, Praecipe to Attach, 10/8/19, Ex. A. The Frempongs soon began filing a series of pro se pleadings in an effort to defeat, delay, and undo the sheriff's sale proceedings.

The Frempongs first filed a petition to strike the City's petition and Common Pleas' rule to show cause on September 24, 2018. They averred a challenge to the unpaid water bills underlying the City's petition was pending before the Board, and the City failed to serve them in compliance with the Act. The Frempongs filed an

2

answer and new matter on November 13, 2018. By order dated December 5, 2018, Common Pleas denied the Frempongs' petition to strike.[2]

Common Pleas held a brief hearing on the City's petition on March 12, 2019, at which counsel for the City appeared, and the Frempongs appeared pro se. Counsel did not present evidence during the hearing, either in the form of sworn testimony or exhibits moved into the record. Counsel argued the Frempongs were not parties to the action because they had not intervened and did not file a petition to intervene. R.R. at 88a. He further argued Steve Frempong could not represent F.A. Realty because he was not a lawyer, and F.A. Realty was a corporation.[3] *Id.* Thus, although the Frempongs filed an answer to the City's petition, Counsel asserted the petition was unopposed, and the City was entitled to a decree by default. *Id.* Steve Frempong attempted to challenge the City's petition by arguing the matter was pending before the Board, and Agnes Frempong was part owner of the Property. *Id.* He presented Common Pleas with a deed, apparently to establish Agnes Frempong's ownership. *Id.* at 89a. Common Pleas rejected the deed, saying it did not include a grantee.[4] *Id.*

---

[2] The Frempongs appealed at Commonwealth Court docket number 45 C.D. 2019. On March 28, 2019, the Court dismissed their appeal for failure to pay the filing fee. *See City of Phila. v. F.A. Realty Invs. Corp.* (Pa. Cmwlth., No. 45 C.D. 2019, dismissed March 28, 2019).

[3] *See Skotnicki v. Ins. Dep't*, 146 A.3d 271, 284 (Pa. Cmwlth. 2016) ("Pennsylvania courts have . . . held that corporations may not act pro se in court, and that non-attorneys may not represent them, regardless of the individual's status as the corporation's officer, director, shareholder[] or employee.") (citations and footnote omitted).

[4] The record contains a copy of a deed transferring a 2.5% ownership interest in the Property to Agnes Frempong. O.R., Item No. 64, Praecipe to Attach, 10/8/19, Ex. A. The City admits "that upon being shown the actual deed transmitting a 2 percent [sic] interest in the [P]roperty the City recognized that [Agnes] Frempong does have an ownership interest." O.R., Item No. 51, Answer to Motion, 8/14/19, ¶ 10.

Common Pleas agreed with the City's position and stated it would grant a sheriff's sale decree. *Id.*

Accordingly, on March 13, 2019, Common Pleas docketed a decree directing that the Property be sold at a sheriff's sale. On March 22, 2019, the Frempongs filed a motion for reconsideration, which Common Pleas denied by order dated March 25, 2019.[5] The Frempongs filed a motion to postpone the sheriff's sale on June 18, 2019. Common Pleas denied the motion that same day, and a sheriff's sale of the Property occurred on June 19, 2019.

The Frempongs filed numerous pro se pleadings over the next several months. This included two motions to redeem the Property, a motion to strike the sheriff's sale decree, a request that Common Pleas stay the acknowledgement and transfer of the sheriff's deed, exceptions to the proposed distribution of the proceeds of the sheriff's sale, and a petition to intervene. Common Pleas denied the first motion to redeem, motion to strike, and petition to intervene by orders dated October 9, 2019.[6] It also entered an order dated October 28, 2019, granting the Frempongs' exceptions

_____

[5] The Frempongs appealed the March 13, 2019 sheriff sale decree at Commonwealth Court docket number 511 C.D. 2019. They requested a stay of post-decree proceedings, which Common Pleas granted until their deadline for filing a concise statement of errors complained of on appeal. On October 2, 2019, this Court quashed the appeal, reasoning the Frempongs did not intervene in the action below, did not file a petition for intervention, and, therefore, were not parties with standing to appeal. *See City of Phila. v. F.A. Realty Invs. Corp.* (Pa. Cmwlth., No. 511 C.D. 2019, quashed October 2, 2019).

[6] The Frempongs withdrew the request that Common Pleas stay the acknowledgement and transfer of the sheriff's deed, as well as the first motion to redeem. Although the Frempongs withdrew the first motion to redeem on August 27, 2019, Common Pleas denied it by order dated October 9, 2019. The Frempongs appealed the orders denying their motion to strike and petition to intervene at Commonwealth Court docket number 1686 C.D. 2019. We address that appeal, which has been submitted seriately with this one, in a separate opinion and order. *See Appeal of: Agnes Frempong & Steve Frempong* (Pa. Cmwlth. No. 1686 C.D. 2019, filed July 14, 2023).

4

to the extent excess proceeds from the sheriff's sale should be used to pay municipal claims in the names of F.A. Realty or Agnes Frempong.

Meanwhile, F.A. Realty, now proceeding with counsel for the first time since the matter began two years earlier, filed its own petition to strike the March 13, 2019 decree on October 8, 2019. Like the Frempongs, F.A. Realty contended a challenge to the unpaid water bills underlying the sheriff's sale was pending before the Board. F.A. Realty maintained Common Pleas should have stayed its proceedings while the Board was hearing the case. In addition, F.A. Realty argued the City did not comply with the Act's service and notice requirements because it served F.A. Realty at the wrong address and failed to serve other interested parties. According to F.A. Realty, the record also demonstrated Common Pleas "failed to comply with the mandate" of Section 31.2(a) of the Act.[7] R.R. at 39a. The City filed an answer and new matter on October 25, 2019. F.A. Realty filed a reply on November 6, 2019, and the City filed an amended answer and new matter later that day. F.A. Realty filed an answer to the City's new matter on November 15, 2019.

Ultimately, by orders dated November 18, 2019, Common Pleas denied the Frempongs' second motion to redeem and F.A. Realty's petition to strike the March 13, 2019 decree. F.A. Realty timely appealed the order denying its petition to strike.

---

[7] Added by Section 1 of the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283(a). Section 31.2(a) permits a court to order a sheriff's sale, in relevant part, "[i]f upon a hearing, the court is satisfied that service had been made of the rule upon the parties respondent . . . and that the facts stated in the petition be true." *Id.*

5

Common Pleas ordered F.A. Realty to file a concise statement of errors complained of on appeal within 21 days, and F.A. Realty complied. [8], [9]

In its subsequent opinion, Common Pleas rejected the claims in F.A. Realty's petition to strike. Regarding the contention it should have stayed the proceedings while the case was pending before the Board, Common Pleas explained F.A. Realty was invoking the doctrine of primary jurisdiction, which instructs that courts defer judicial action while an administrative agency is hearing a particular case. R.R. at 97a (citing *E.L.G. Enters. Corp. v. Gulf Oil Co.*, 435 A.2d 1295, 1296 (Pa. Super. 1981)). Common Pleas reasoned the doctrine is discretionary and declined to apply it in this case "due to the potential for added expense and delay for the litigants." *Id.* at 97a-98a (footnote omitted). Common Pleas further questioned whether there actually was a challenge to unpaid water bills underlying the sale pending before the Board, citing a lack of evidence in the record to support this assertion. *Id.* at 98a.

Regarding the contention the City failed to comply with the service and notice requirements of the Act, Common Pleas relied on the January 24, 2018 affidavit of service, which indicated the City served F.A. Realty and the other interested parties

---

[8] The Frempongs appealed the order denying their second motion to redeem and the order denying F.A. Realty's petition to strike at Commonwealth Court docket number 1835 C.D. 2019. This Court quashed the appeal, reasoning once again that the Frempongs were not parties to the action below. *See Appeal of: Agnes Frempong & Steve Frempong* (Pa. Cmwlth. No. 1835 C.D. 2019, quashed January 27, 2021).

[9] The Frempongs remain listed on our docket and have filed an appellees' brief in connection with this appeal. The City filed an application to strike in this Court on November 21, 2021. The City emphasizes our prior conclusions at docket numbers 511 C.D. 2019 and 1835 C.D. 2019 that the Frempongs were not parties. The City requests that we remove the Frempongs as parties from this appeal and strike any related filings. Under our Rules of Appellate Procedure, generally, "[a]ll parties to the matter in the court from whose order the appeal is being taken shall be deemed parties in the appellate court." Pa.R.A.P. 908. Our review of the record confirms the Frempongs did not successfully intervene and were not parties below. We therefore grant the City's application.

by first class and certified mail. *Id.* at 95a, 100a-01a. It noted the City served F.A. Realty at the Property, which F.A. Realty had stated was its correct address in court filings, as well as at other addresses. *Id.* at 95a-96a. Finally, Common Pleas asserted it held a hearing on March 12, 2019, during which it complied with Section 31.2(a). *Id.* at 101a. Common Pleas asserted it "took evidence in the form of both testimony documentary evidence from both parties" and performed a "comprehensive review of the record and evidence."[10] *Id.*

## II. Discussion

This Court reviews orders entered under the Act to determine whether the trial court erred as a matter of law, abused its discretion, or rendered a decision without evidentiary support. *City of Phila. v. Robinson*, 123 A.3d 791, 794 n.2 (Pa. Cmwlth. 2015) (citing *City of Allentown v. Kauth*, 874 A.2d 164, 165 n.4 (Pa. Cmwlth. 2005)). Section 39.3 of the Act[11] provides any party contesting a sheriff's sale under Section 31.2, including a party contesting sufficiency of notice, "must file a petition seeking to overturn the sale within three months of the acknowledgement of the deed to the premises by the sheriff." 53 P.S. § 7193.3. It is undisputed in this matter the sheriff acknowledged the deed to the Property on August 20, 2019. City's Br. at 11. F.A. Realty filed its petition to strike on October 8, 2019, well within three months of the acknowledgement. Moreover, F.A. Realty alleges Common Pleas entered its decree

---

[10] Additionally, Common Pleas questioned the adequacy of two paragraphs of F.A. Realty's concise statement, suggesting this Court should deem the claims in those paragraphs waived for a lack of both specificity and conciseness. R.R. at 99a-104a. We reject this suggestion. F.A. Realty alleged in the disputed paragraphs that the City and Common Pleas violated particular sections of the Act, and the basis for F.A. Realty's allegations was not unusually difficult to understand. Thus, we see no reason to find waiver. We also note the paragraphs alleged a lack of subject matter jurisdiction, which is not subject to waiver. *See Fulton v. Bedford Cnty. Tax Claim Bureau*, 942 A.2d 240, 242 n.3 (Pa. Cmwlth. 2008).

[11] Added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.3.

without subject matter jurisdiction. A court may open or vacate an order, even if after the normal time for doing so had elapsed, "upon a showing of . . . lack of subject matter jurisdiction." *Fulton*, 942 A.2d at 242 n.3 (discussing 42 Pa.C.S. § 5505) (emphasis and citation omitted).

In its first issue, F.A. Realty argues Common Pleas was without subject matter jurisdiction to grant the March 13, 2019 sheriff's sale decree because a challenge to unpaid water bills underlying the sale was pending before the Board. F.A. Realty's Br. at 5-18. F.A. Realty argues the Board maintains exclusive jurisdiction over tax assessments. *Id.* It disputes Common Pleas' assertion there was a lack of evidence to show a challenge was pending, citing statements in, and exhibits attached to, the Frempongs' pleadings.[12] *Id.* at 7. F.A. Realty contends Common Pleas erroneously declined to apply the doctrine of primary jurisdiction and attempts to distinguish the cases on which Common Pleas relied. *Id.* at 4-11. In addition, it proposes that granting the March 13, 2019 decree when the matter was pending before the Board violated its right to substantive due process.[13] *Id.* at 17-18.

---

[12] Most notably, F.A. Realty cites attachments to the Frempongs' pro se answer, including a copy of a petition for appeal to the Board and a letter from the Board granting a "rehearing." *See* R.R. at 82a-83a.

[13] The City asserts any issue regarding a pending challenge before the Board is moot because the Board denied the challenge by letter dated February 24, 2021. City's Br. at 19. In support of this assertion, the City attaches a copy of the letter to its brief. This Court cannot decide F.A. Realty's appeal based on a document from outside of the record. *Pane v. Indian Rocks Prop. Owners Ass'n, Inc. of Ledgedale*, 167 A.3d 266, 273 (Pa. Cmwlth. 2017) (citing *City of Pittsburgh Comm'n on Hum. Rels. v. DeFelice*, 782 A.2d 586, 593 n.10 (Pa. Cmwlth. 2001)). Even if we could, the question is whether Common Pleas had subject matter jurisdiction at the time it granted its decree, on March 13, 2019, not whether it would have jurisdiction nearly two years later, on February 24, 2021. We conclude the issue is not moot.

Section 19-1702 of the Philadelphia Code[14] provides that a petition for review of a decision or determination regarding liability for any unpaid "tax, water or sewer rent . . . and interest and penalties thereon, shall be filed with the [Board] within 60 days after the mailing of a notice of such decision or determination to the petitioner." F.A. Realty is therefore correct that the Board has exclusive jurisdiction over tax and other specified assessments in the City. *See City of Phila. v. Lerner*, 151 A.3d 1020, 1025 (Pa. 2016) (citing *Cherry v. City of Phila.*, 692 A.2d 1082, 1084 (Pa. 1997) (Opinion Announcing the Judgment of the Court)). This matter, however, does not involve assessments for taxes, or for water or sewer rents, but instead involves the City's effort to collect on liens resulting from those assessments. As the Court has explained, the Act "provides for a specific, detailed and **exclusive** procedure that **must be followed to challenge or collect on a municipal lien** placed in cities of first class, such as the City." *City of Phila. v. Manu*, 76 A.3d 601, 604 (Pa. Cmwlth. 2013) (emphasis added); *see also Radhames v. Tax Rev. Bd.*, 994 A.2d 1170, 1177-79 (Pa. Cmwlth. 2010). Accordingly, we reject F.A. Realty's claim that the Board possessed exclusive jurisdiction over this case, or that Common Pleas should have deferred to the Board.

F.A. Realty next presents two related arguments. Initially, it contends the City failed to comply with the Act's service and notice requirements, such that Common Pleas lacked personal jurisdiction and could not direct a sheriff's sale. F.A. Realty's Br. at 18-36 (quoting *Manu*, 76 A.3d at 605). F.A. Realty argues the City served it at the incorrect address and failed to serve other interested parties associated with

---

[14] Phila., Pa., The Phila. Code § 19-1702 (2020).

the Property. *Id.* at 18-31. F.A. Realty relies primarily on Section 39.2 of the Act,[15] which governs service and notice of sheriff's sale petitions filed under Section 31.2. It argues no defendant or interested party, other than itself, registered an interest in the Property under Section 39.1 of the Act.[16] *Id.* at 21. Thus, F.A. Realty contends Section 39.2(a)(3) of the Act required the City to serve any other interested parties by certified mail, return receipt requested, or by registered mail.[17] *Id.* at 19-21. F.A. Realty emphasizes the January 24, 2018 affidavit of service, which states the City served interested parties by "certified mail" and not "certified mail, return receipt requested." *Id.* at 20-21. Had the City provided service by "certified mail, return receipt requested," as required, it would have been able to produce return receipts as proof of mailing. *Id.* at 20-23, 26-34. The fact that the City did not produce return receipts, F.A. Realty argues, suggests no mailing occurred.[18] *Id.*

F.A. Realty also contends Common Pleas failed to hold an appropriate hearing to assess whether the City satisfied the Act's service and notice requirements. *Id.* at

---

[15] Added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2.

[16] Added by Section 4 of the Act of December 14, 1992, P.L. 850, 53 P.S. § 7193.1.

[17] In relevant part, Section 39.2(a)(1)-(2) of the Act requires the City to provide service and notice by posting "the most public part of the property" and by sending first class mail to the addresses of interested parties registered with the City under Section 39.1. 53 P.S. § 7193.2(a)(1)-(2). Section 39.2(a)(3) requires the City to "review[] a title search, title insurance policy or tax information certificate" and provide service and notice to interested parties not registered with the City "by first class mail and either by certified mail, return receipt requested, or by registered mail." 53 P.S. § 7193.2(a)(3).

[18] F.A. Realty proposes Common Pleas and the City waived their positions regarding service and notice by failing to provide citations to supporting legal authority during the proceedings below. F.A. Realty's Br. at 31-34. The case law on which F.A. Realty relies applies specifically to waiver in an appellant's or cross-appellant's brief due to failure to comply with our Rules of Appellate Procedure. *See id.* (quoting *Kelly v. Carmen Corp.*, 229 A.3d 634, 656 (Pa. Super. 2020)). It does not apply to a trial court or an appellee responding to an appellant's allegations of error.

35-38. F.A. Realty cites Section 31.2(a)'s directive that the court hold a hearing and grant a decree if it is satisfied "service had been made of the rule upon the parties respondent" and "the facts stated in the petition be true." 53 P.S. § 7283(a). F.A. Realty acknowledges Common Pleas held a hearing on March 12, 2019, but argues the hearing was insufficient because the City presented no evidence to support its petition, and Common Pleas did not perform its required function of verifying the facts the City alleged in the petition. F.A. Realty's Br. at 36-37. F.A. Realty further questions the adequacy of Common Pleas' opinion, contending it did not discuss what evidence, if any, it relied on.[19] *Id.* at 37.

Section 31.2(a) of the Act requires the trial court to "make an independent inquiry," before granting a sheriff's sale petition, which includes a hearing "at which the City **must enter into evidence** proof of its strict compliance" with service and notice "and proof of the truth of the matters asserted in its tax sale petition." *City of Phila. v. Labrosciano*, 202 A.3d 145, 152 (Pa. Cmwlth. 2018) (citing *Manu*, 76 A.3d at 605; 53 P.S. § 7283(a)) (emphasis added). The Act's hearing requirement is "an important . . . safeguard," which "protect[s] the due process interests of individuals whom the City seeks to dispossess of their property interests by petition alone." *Id.* at 152-53 (citations omitted). Moreover, proper service of the petition and rule to show cause is a prerequisite to the court's acquisition of personal jurisdiction over the defendant. *Id.* at 152 (quoting *Manu*, 76 A.3d at 605). Without a hearing to confirm compliance with service and notice, a court may not direct a sheriff's sale. *Id.* (citing *Manu*, 76 A.3d at 605; 53 P.S. § 7283(a)).

---

[19] The City argues F.A. Realty waived its claims that Common Pleas did not verify the facts alleged in the petition, and that the record lacks evidence to support Common Pleas' decree, by failing to raise these claims in its concise statement of errors complained of on appeal. City's Br. at 38-39. We conclude F.A. Realty sufficiently raised its claims in paragraph (B)(4) of the concise statement. *See* Suppl. R.R. at 78(b)-79(b) (alleging the City's failure to comply with Section 31.2(a)).

Here, Common Pleas held a brief hearing on the City's petition on March 12, 2019, at which the City did not present testimony or move exhibits into the record. Counsel for the City instead argued the Frempongs could not represent F.A. Realty and were not parties to the case. R.R. at 88a. Because the Frempongs filed the only answer to the City's petition, counsel continued, the City was entitled to a decree by default. *Id.* at 88a-89a. This is not the law. *See Labrosciano*, 202 A.3d at 152 ("The Section 31.2 requirement that a trial court hold a hearing operates independent of whether any party has filed an answer to a tax sale petition."); *City of Phila. v. F.A. Realty Invs. Corp.*, 129 A.3d 1279, 1284 (Pa. Cmwlth. 2015).

In *Labrosciano*, we explained "facts alleged in a tax sale petition not denied in an interested party's answer shall be taken by the court as true and thus [the court] can dispense with the narrow factual inquiry required to determine the truth of the facts stated in the petition." 202 A.3d at 153 (citation, footnote, and quotation marks omitted). We clarified taking the facts in the petition as true did not satisfy the City's obligation to demonstrate compliance with the Act's service and notice requirements because service had occurred after the City filed its petition, and the petition did not include averments regarding service. *Id.* The facts of this case are similar, as the City did not file affidavits alleging service until after it filed its sheriff's sale petition, consistent with the Act's procedures. *See* 53 P.S. § 7193.2(a).

This Court has explained a petitioner may satisfy the Act's requirements in an unopposed hearing under Section 31.2(a) by "moving its tax sale petition and service affidavits into evidence for the lower court's consideration." *Labrosciano*, 202 A.3d at 153 n.9. In this matter, counsel for the City mentioned certain documents, which he intended to provide to Common Pleas, but he never moved them into evidence on the record. R.R. at 88a. Even accepting counsel provided documents to Common

12

Pleas, it is not clear Common Pleas considered them before granting a decree and conducted the "independent inquiry" our law requires.[20] *See Manu*, 76 A.3d at 605; *Labrosciano*, 202 A.3d at 151-52.

---

[20] The judge granted the decree but then acknowledged she was not sure what amount F.A. Realty allegedly owed:

> [Counsel for the City]: . . . . So, this is the matter of [the Property]. This is a water petition, Your Honor. So the water outstanding bill, for which there are liens, is $6,648.48. . . .
>
> . . . .
>
> THE COURT: . . . . So, I grant the decree.
>
> [Counsel for the City]: Thank you, Your Honor.
>
> [Steve Frempong]: Your Honor?
>
> THE COURT: Yes?
>
> [Steve Frempong]: We have case law.
>
> THE COURT: I understand. I got it. But the petition is granted. . . .
>
> . . . .
>
> [Steve Frempong]: What is the amount?
>
> THE COURT: I don't know. It's 6000 and something, he just said.

R.R. at 88a-89a.

This exchange raises another point. The City alleged in its petition that F.A. Realty owed over $54,000. Suppl. R.R. at 49b-50b. The City then alleged at the hearing F.A. Realty owed over $6,000. R.R. at 88a. Nonetheless, the City asserts in its brief that Common Pleas granted a sheriff's sale due to "approximately $55,000" in delinquent liens and suggests the $6,000 figure relates to "one of the many delinquent water accounts associated with the Property." City's Br. at 5, 8-10, 16, 39. The City's inconsistency highlights the need for a hearing and presentation of evidence on the record, in the interest of due process. *See Labrosciano*, 202 A.3d at 152-53.

13

Despite these issues, we cannot grant relief to F.A. Realty. Upon review, F.A. Realty did not attempt to join the Property's third-party purchaser, Corestates Group, LLC (Corestates), to this action or even serve it with the October 8, 2019 petition to strike. The Act "does not provide the need to join indispensable parties in order for a property to be properly sold at a sheriff's sale" but requires service of interested parties, who may file a petition to intervene. *City of Phila. v. F.A. Realty Invs. Corp.*, 95 A.3d 377, 381-83 (Pa. Cmwlth. 2014). Once a sheriff's sale occurs, however, our case law has described a purchaser and record deed holder as indispensable. *See City of Phila. v. Rivera*, 171 A.3d 1, 6 n.9 (Pa. Cmwlth. 2017); *but see In re Pittman*, 549 B.R. 614, 622 (Bankr. E.D. Pa. 2016) (quoting *In re Hammond*, 420 B.R. 633, 635 (Bankr. W.D. Pa. 2009)) (indicating a purchaser holds only a defeasible interest in property, which "does not change the status or title of the property owner until the redemption period has passed"). Failure to join an indispensable party deprives the court of subject matter jurisdiction. *Polydyne, Inc. v. City of Phila.*, 795 A.2d 495, 496 (Pa. Cmwlth. 2002) (citing *Pa. Game Comm'n v. K.D. Miller Lumber Co., Inc.*, 654 A.2d 6, 9 (Pa. Cmwlth. 1994)).

A party is indispensable if "his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Banfield v. Cortes*, 922 A.2d 36, 43 (Pa. Cmwlth. 2007) (en banc) (citing *Sprague v. Casey*, 550 A.2d 184 (Pa. 1988)). The basic inquiry is "whether justice can be done" in the party's absence. *HYK Constr. Co., Inc. v. Smithfield Twp.*, 8 A.3d 1000, 1015 (Pa. Cmwlth. 2010) (quoting *City of Phila. v. Commonwealth*, 838 A.2d 566, 581 (Pa. 2003)). Our courts sometimes examine the following factors when conducting this inquiry:

> 1. Do absent parties have a right or interest related to the claim? 2. If so, what is the nature of that right or interest? 3. Is that right or interest

14

essential to the merits of the issue?  4. Can justice be afforded without violating the due process rights of absent parties?

*City of Phila.*, 838 A.2d at 581 n.11 (quoting *Mechanicsburg Area Sch. Dist. v. Kline*, 431 A.2d 953, 956 (Pa. 1981)).

The sheriff's sale at which Corestates purchased the Property occurred about four years ago, on June 19, 2019, and the deed was acknowledged shortly thereafter, on August 20, 2019.  It would potentially create an injustice to grant relief to F.A. Realty now when Corestates has not been able to participate.  *See Fulton*, 942 A.2d at 244 (a purchaser "must be allowed to defend against allegations that the means by which he acquired his deed are invalid") (footnote omitted).  As a result, the Court will vacate the order denying F.A. Realty's petition and remand for Corestates to be joined, provided notice, and given the opportunity to defend its title to the Property.[21]

### III. Conclusion

For all the foregoing reasons, we reject F.A. Realty's argument that Common Pleas lacked subject matter jurisdiction because a challenge to the unpaid water bills underlying the City's sheriff's sale petition was pending before the Board.  Although Common Pleas' March 12, 2019 hearing on the City's sheriff's sale petition was brief and lacked the formal presentation of evidence, we cannot grant relief in this

---

[21] In their briefs, the parties debate whether a presumption applies that the City served F.A. Realty and whether F.A. Realty waived its challenge to the Act's service and notice requirements due to the Frempongs' participation throughout the proceedings below.  F.A. Realty's Br. at 25-34; City's Br. at 28-38.  The City also maintains F.A. Realty lacks standing to challenge service or notice on behalf of other interested parties, such as the Frempongs.  City's Br. at 37.  Given our explanation above, recognizing an appropriate hearing as necessary to show compliance with the Act's service and notice requirements and ensure personal jurisdiction, we need not discuss these issues.

In addition, F.A. Realty argues Common Pleas lacked subject matter jurisdiction because the City failed to serve interested parties and join them in the caption, which "amounted to failure to join indispensable and necessary parties."  F.A. Realty's Br. at 22-23.  The Frempongs' appeal at 1686 C.D. 2019 from the order denying their petition to intervene has been listed seriately with this one.  As noted, we address the appeal in a separate opinion and order.  *See supra* note 6.

15

appeal. F.A. Realty did not attempt to join or even serve Corestates when it filed its petition to strike, and Corestates must receive an opportunity to defend its ownership of the Property. We therefore vacate the order denying the petition, dated November 18, 2019, and remand for further proceedings consistent with this opinion.

_____
STACY WALLACE, Judge

Judge Fizzano Cannon concurs in result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 1863 C.D. 2019 |
| | : | |
| F.A. Realty Investors Corp, | : | |
| Appellant | : | |

**O R D E R**

**AND NOW**, this 14th day of July 2023, the order dated November 18, 2019, in the Court of Common Pleas of Philadelphia County (Common Pleas), denying the petition to strike filed by F.A. Realty Investors Corp. (F.A. Realty) is **VACATED**, and the case is **REMANDED** for further proceedings regarding the petition. Common Pleas is directed to join Corestates Group, LLC (Corestates), the third-party purchaser of the property at issue in this matter, 5800 North 17th Street, Philadelphia (Property). Common Pleas shall ensure F.A. Realty serves Corestates with its petition and shall provide Corestates with the opportunity to defend its ownership of the Property. The City of Philadelphia's Application to Strike, filed in the Commonwealth Court on November 21, 2021, is **GRANTED**.

Jurisdiction relinquished.

_____
STACY WALLACE, Judge